FILED
DATE 10/14/26
PETER A. MOORE JR CLERK
USDISTRICT COURT, EDNC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NORTH CAROLINA

WESTERN DIVISION

DINEEN CHERYLANN ETIENNE and DAEQUAN MYKAL SAMUELS, Plaintiffs,

v.

MILLER-MOTTE COLLEGE, et al., Defendants.

**Case No. 5:26-CV-00638-FL**

## PROPOSED FIRST AMENDED COMPLAINT - JURY TRIAL DEMANDED

Plaintiffs submit this Proposed First Amended Complaint as a complete stand-alone pleading. The original Statement of Claim and detailed continuation allegations identified below are carried forward in full, with the additional defendants and supplemental allegations stated here.

## ADDITIONAL PROPOSED DEFENDANTS

Lindenwood Education System d/b/a Miller-Motte College - address supplied by Plaintiff: 2241 South Watson Drive, Suite 181, Arlington, Texas 76010.

Terell Beale - alleged supervisory/directorial role in the Miller-Motte welding program; address supplied by Plaintiff: 3725 Ramsey Street, Fayetteville, North Carolina 28311.

Willis Cook - identified in Plaintiff's original defendant-information materials as Welding Supervisor / shop supervisor at Miller-Motte College; address supplied by Plaintiff: 3725 Ramsey Street, Fayetteville, North Carolina 28311. Plaintiffs do not assume that Willis Cook and a person referred to elsewhere as A.J. Cook are the same individual unless established by evidence.

City of Fayetteville, North Carolina - added for municipal-liability allegations only to the extent the evidence establishes the legal requirements for municipal liability.

Fayetteville Police Department - identified because Plaintiff's records include reports and interactions with the department, subject to the Court's determination of its separate capacity to be sued. If it lacks separate capacity, Plaintiffs request that the allegations be treated as allegations concerning the City and appropriate officers or employees.

Christy Molina - private individual, 3915 Foster Drive, Fayetteville, North Carolina 28311; any Section 1983 theory is asserted only if discovery establishes legally sufficient joint action with a state actor.

Ryan James is not included as a proposed additional defendant.

## SUPPLEMENTAL FACTUAL ALLEGATIONS

Lindenwood. Plaintiff alleges North Carolina Department of Labor correspondence identifies the respondent/employer as Lindenwood Education System d/b/a Miller-Motte College. Plaintiffs seek discovery concerning the relationship among Lindenwood, Miller-Motte, and Ancora, including ownership, management, employment policies, supervision, complaints, payroll, and electronic records.

Terell Beale. Dineen alleges Beale had a supervisory/directorial role and participated in or communicated concerning her assignments, schedule, workplace conditions, complaints, and treatment. She requests preservation of relevant communications, schedules, messages, and records.

Willis Cook. Dineen alleges Cook was the welding shop supervisor and that she reported concerns involving him. She alleges that Cook approached her vehicle after an internal workplace matter and instructed her to leave; that she was later reassigned to work directly alongside him despite prior complaints; and that workplace disputes involving tools, students, and instructional conditions contributed to the retaliation and interference she alleges. Plaintiffs

seek preservation and discovery of Cook's communications, supervisory records, schedules, complaints, and personnel-related communications. These are allegations, not adjudicated facts.

City / Fayetteville Police Department. Dineen has preserved Fayetteville police records documenting reports concerning harassment, stalking, vandalism/property damage, and related safety concerns. Plaintiffs do not contend the reports alone prove coordination, motive, or the identity of any responsible person. Plaintiffs seek relevant records and allege municipal liability only if evidence establishes a legally sufficient policy, custom, practice, failure to train or supervise, or decision by a final policymaker.

Christy Molina. Dineen alleges that before approximately April 24, 2026 she and Molina maintained a working relationship concerning construction work. Dineen alleges that shortly before the relationship deteriorated Molina traveled to Raleigh and, based on information presently available, may have met or communicated with persons Dineen believes were state actors, former state employees, persons associated with governmental entities, and/or persons acting in concert with governmental actors. Dineen seeks discovery and does not presently claim that the contents or purpose of those communications have been established.

Dineen further alleges Molina interfered with permitted construction work, communicated directly with workers, attempted to arrange work outside Dineen's supervision, withheld tools/equipment, interfered with Dineen's ability to conduct business, and made statements to law enforcement that Dineen contends were materially false or misleading. Dineen also alleges Molina referenced a previously published news report about Dineen and later confronted her in an incident Dineen states was recorded on video.

To the extent discovery establishes that Molina or another private defendant knowingly agreed with, conspired with, or willfully participated in joint action with one or more state actors to

deprive a Plaintiff of a federally protected right, Plaintiffs seek relief under 42 U.S.C. § 1983 and other applicable law. Plaintiffs do not ask the Court to infer state action from private status, association, geographic coincidence, or communication alone.

## ORIGINAL STATEMENT OF CLAIM - CARRIED FORWARD

### III. Statement of Claim

1. Plaintiffs Dineen Cherylann Etienne and Daequan Mykal Samuels allege a continuing and coordinated course of retaliation, discrimination, coordinated harassment, workplace interference, interference with business and property interests, invasion of privacy, civil conspiracy, and other unlawful conduct involving the Defendants identified in this Complaint. Plaintiffs allege that portions of this conduct occurred in Washington State and continued across state lines into North Carolina.

2. Dineen alleges that false HIV/AIDS information was placed in or associated with her medical records and that false and/or confidential medical information was subsequently accessed, disclosed, disseminated, or used without authorization, causing substantial employment, business, reputational, privacy, and emotional injuries. Plaintiffs also dispute representation, settlement authorization, signatures, and disposition of money associated with Pierce County Superior Court Case No. 12-2-13486-9 and request a complete accounting.

3. Dineen further alleges discrimination and retaliation while employed as a welding instructor at Miller-Motte College, including workplace harassment and interference, exclusion from workplace activities, interference with assignments, payroll and professional opportunities, solicitation of statements against her, and materially adverse treatment following complaints of discrimination and retaliation. She alleges additional interference with business or contractual interests involving North Carolina.

4. Dineen also alleges irregularities concerning information submitted in EEOC Complaint No. 433-2026-03390, including alleged alteration, omission, or redaction of information. Plaintiffs request preservation and forensic examination of the original and subsequent versions, metadata, revision histories, access logs, system records, and communications to determine objectively whether changes occurred and who was responsible.

5. Plaintiffs further allege unauthorized acquisition, disclosure, or exploitation of private medical,

identifying, intimate, family, location, and electronic information. They allege unauthorized surveillance, tracking, monitoring, or electronic access to the extent established by forensic evidence.

6. Plaintiffs allege that the coordinated harassment involved, as they contend, overlapping actors, communications, methods, and retaliatory objectives rather than isolated events. Plaintiffs seek discovery of communications, electronic records, access logs, employment records, financial records, and other objective evidence to determine which Defendants coordinated or jointly participated in particular acts.

7. Plaintiffs allege civil conspiracy to the extent permitted by applicable law. Plaintiffs contend that

two or more persons agreed, expressly or implicitly, to participate in unlawful acts or to accomplish lawful objectives through unlawful means; that acts were taken in furtherance of the alleged agreement; and that those acts caused injury. Plaintiffs seek to establish the alleged agreement, participants, overt acts, causation, and damages through admissible evidence.

8. Plaintiffs allege constitutional violations under 42 U.S.C. § 1983 against governmental actors,

and against private defendants only where legally sufficient joint action with state actors can be established. Plaintiffs allege violations including retaliation for protected speech and petitioning activity, deprivation of due process and equal protection, and unlawful governmental searches or surveillance where the evidence establishes the required constitutional elements.

9. For each Defendant against whom § 1983 relief is sought, Plaintiffs intend to establish: (1) the particular constitutional right allegedly violated; (2) how the Defendant acted under color of state law or engaged in legally sufficient joint action; (3) the actual injury suffered; and (4) a causal connection between the Defendant's conduct and that injury.

10. Plaintiffs further allege violations of 18 U.S.C. §§ 1962(c) and 1962(d), contending that an association-in-fact enterprise engaged in a continuing pattern of qualifying racketeering activity affecting interstate commerce and causing injury to Plaintiffs' business or property. Plaintiffs allege RICO predicate acts only where the evidence satisfies the requirements of 18 U.S.C. § 1961(1).

11. Plaintiffs allege substantial damages including lost wages, lost employment and professional opportunities, interference with business and contractual relationships, loss or interference with money or property, reputational injury, invasion of privacy, humiliation, severe emotional distress, fear, anxiety, panic, hypervigilance, and other legally compensable injuries.

12. Daequan has suffered a traumatic brain injury that Plaintiffs allege substantially affects his ability to protect his interests in complex litigation. Dineen, his mother, requests appropriate protection for Daequan under Federal Rule of Civil Procedure 17(c).

13. The foregoing is a summary. Plaintiffs incorporate the attached detailed continuation pages, which identify the Defendants, alleged conduct, constitutional and statutory claims, injuries, causation, and supporting factual allegations in greater detail.

## IV. Relief

**MONETARY DEMAND: $75,000,000.00**

Plaintiffs respectfully request a total monetary award of SEVENTY-FIVE MILLION DOLLARS ($75,000,000.00), subject to the evidence, applicable statutory limitations, immunities, causation requirements, and rules against duplicative recovery. This is Plaintiffs' requested amount; it is not a representation that $75,000,000 has already been proven.

1. Enter judgment in Plaintiffs' favor on all claims established by the evidence;

2. Award compensatory damages for proven economic, employment, business, property, constitutional, privacy, emotional, reputational, and other legally compensable injuries;

3. Award qualifying business-or-property damages under 18 U.S.C. § 1964(c) and treble those damages as provided by law to the extent proven and legally recoverable;

4. Award punitive damages against eligible individual Defendants where legally permitted and supported by the evidence;

5. Enter appropriate declaratory and prospective injunctive relief to stop any proven ongoing unlawful retaliation, discrimination, coordinated harassment, workplace harassment or interference, constitutional violations, civil-conspiracy conduct, or unlawful disclosure or use of Plaintiffs' confidential information;

6. Order preservation of relevant evidence, including electronically stored information, emails, text

messages, metadata, access logs, medical audit records, EEOC records, employment records, financial records, telecommunications records, and other relevant electronic evidence;

7. Order an accounting, where legally available, concerning settlement or judgment proceeds associated with Pierce County Superior Court Case No. 12-2-13486-9;

8. Permit appropriate discovery to identify the John and Jane Doe Defendants and the roles of persons involved in the alleged conduct;

9. Provide appropriate protection for Daequan Mykal Samuels under Federal Rule of Civil Procedure 17(c), including appointment of a guardian ad litem or other appropriate representative if required;

10. Award costs, authorized attorney's fees if applicable, pre-judgment and post-judgment interest, and all other relief the Court determines just and lawful.

**CONTINUATION - DEFENDANT-SPECIFIC ALLEGATIONS**

The following is a concise defendant-specific pleading summary based on information Plaintiffs have provided. It states allegations, not adjudicated facts. Miller-Motte College / Ancora Education. Dineen alleges discrimination and retaliation in her welding-instructor employment, including workplace harassment and interference, exclusion, assignment and payroll interference, solicitation of statements against her, and adverse treatment after protected complaints. Plaintiffs further allege coordinated harassment to the extent supported by evidence of communications or joint action.

EEOC. Dineen alleges irregularities in EEOC Complaint No. 433-2026-03390, including alleged alteration, omission, or redaction of information, and seeks preservation and forensic examination of relevant records. Plaintiffs recognize that claims against a federal agency require a valid cause of action and waiver of sovereign immunity. North Carolina Department of Public Safety. Dineen alleges interference affecting North Carolina business or contractual interests and alleges governmental participation or joint action only to the extent objective evidence establishes it. Plaintiffs seek only relief legally available notwithstanding sovereign-immunity

limitations. Proliance Surgeons, Inc. / Puget Sound Orthopaedics / Alan Thomas. Dineen alleges false

HIV/AIDS information was placed in or associated with medical records and that false and/or confidential medical information was later accessed, disclosed, disseminated, or used without authorization, causing claimed employment, business, privacy, and reputational injury. Susan Keene Serko. Plaintiffs allege conduct associated with prior Washington proceedings and alleged use or handling of confidential information. Any claim is asserted only to the extent not barred by absolute judicial immunity, jurisdictional limitations, or other applicable law. Thaddeus P. Martin IV. Plaintiffs dispute the scope of representation and authority concerning prior Washington litigation and settlement matters and seek records concerning representation, authorization, signatures, and disposition of funds. David H. Black Jr. Plaintiffs allege participation in or facilitation of coordinated retaliation, harassment, and interference. Plaintiffs seek discovery of objective communications, financial, travel, employment-contact, and electronic records to determine whether and to what extent such participation occurred. Doe Defendants. Plaintiffs allege additional governmental and private participants whose identities are presently unknown and seek discovery to identify them and connect each person to specific acts, injuries, and legally cognizable claims.

**V. Certification and Closing**

I declare under penalty of perjury that factual statements made from my personal knowledge are true and correct. Allegations based on information and belief are asserted as allegations to be established through admissible evidence and discovery.

Executed on: September 4, 2026

Signature of Plaintiff: ______________________

Dineen Cherylann Etienne, Pro Se 3905 Foster Drive, Fayetteville, NC 28311 253-436-4667 |

Dineen8@outlook.com Daequan Mykal Samuels - signature if capable:

Daequan Samuels

Date: 9/29/2026

Rule 17(c) note: Dineen requests appropriate court protection for Daequan. Because Daequan is an adult, the Court may separately address whether a guardian ad litem, other representative, or counsel is required for his claims.

**DETAILED CONTINUATION PLEADING - CARRIED FORWARD**

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NORTH CAROLINA**

**WESTERN DIVISION**

DINEEN CHERYLANN ETIENNE,

formerly identified in certain records as

DINEEN SMITH, individually,

and

DAEQUAN MYKAL SAMUELS,

by and through his mother and proposed Next Friend,

DINEEN CHERYLANN ETIENNE,

Plaintiffs,

v. Civil Action No. 5:26-cv-00638 FL

MILLER-MOTTE COLLEGE;

ANCORA EDUCATION;

NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY;

UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION;

DAVID H. BLACK JR.;

THADDEUS P. MARTIN IV;

SUSAN K. SERKO, individually and/or to the extent permitted by law;

PROLIANCE SURGEONS, INC.;

PUGET SOUND ORTHOPAEDICS;

ALAN THOMAS;

JOHN AND JANE DOE GOVERNMENTAL DEFENDANTS 1-20;

JOHN AND JANE DOE PRIVATE DEFENDANTS 1-50;

and

OTHER PERSONS AND ENTITIES whose identities are presently unknown and whose

involvement

may be established through discovery, Defendants.

**VERIFIED AMENDED COMPLAINT**

FOR CIVIL RICO VIOLATIONS UNDER 18 U.S.C. §§ 1962(c), 1962(d), AND 1964(c);

VIOLATIONS OF 42 U.S.C. § 1983; FIRST, FOURTH, AND FOURTEENTH AMENDMENT

VIOLATIONS; EMPLOYMENT DISCRIMINATION AND RETALIATION;

INTERFERENCE WITH BUSINESS AND CONTRACTUAL RELATIONSHIPS; INVASION

OF PRIVACY; CONSPIRACY AND JOINT ACTION; ALLEGED UNAUTHORIZED

DISCLOSURE AND USE OF CONFIDENTIAL MEDICAL INFORMATION; DOCUMENT

AND ELECTRONIC-RECORD INTERFERENCE; AND RELATED FEDERAL AND

**STATE-LAW RELIEF**

**JURY TRIAL DEMANDED**

Plaintiffs Dineen Cherylann Etienne and Daequan Mykal Samuels allege as follows:

## I. INTRODUCTION AND NATURE OF THIS ACTION

1. This action arises from what Plaintiffs allege and contend documentary, electronic, medical, judicial, employment, financial, governmental, telecommunications, and other evidence establishes to be a continuing and coordinated course of retaliation and interference extending for more than a decade and crossing state lines.

2. Plaintiff Dineen Cherylann Etienne alleges that the conduct began in connection with matters occurring in Washington State and subsequently followed her and affected her employment, businesses, governmental relationships, communications, medical privacy, family, housing, and professional life in other jurisdictions, including North Carolina. That expanded across several states including Virginia, Washington D.C., Georgia, Ohio, and New York.

3. Plaintiff Daequan Mykal Samuels is Dineen's adult son and was himself directly involved in events

underlying this action. Plaintiffs allege that when Defendants could not silence the mother, retaliation was directed against her son.

4. Daequan was a named plaintiff in Pierce County Superior Court Case No. 12-2-13486-9.

5. Daequan subsequently suffered a traumatic brain injury and has significant limitations that affect

his ability to communicate, remember, process complex information, independently navigate legal and governmental systems, and consistently protect his own legal interests.

6. Dineen is Daequan's mother and has acted as his primary advocate and voice.

7. Plaintiffs allege that both mother and son became targets of continuing retaliation, interference,

intimidation, privacy invasion, economic harm, and other misconduct. Plaintiffs allege misconduct and corruption connected with Case No. 12-2-13486-9, including alleged misrepresentation of documentation and unauthorized representation. Plaintiffs allege that Defendants caused chaos in both mother and son's lives to cover up alleged corruption. Plaintiffs further allege false arrest, denial of

rights, and falsification of medical documentation.

8. Plaintiffs allege that the continuing activity was designed and/or had the effect of interfering with

their ability to obtain legal redress and accountability.

9. Dineen alleges interference with employment, union opportunities, business relationships, governmental contracts, credit and financial matters, communications, medical information, complaints to governmental agencies, and other aspects of her professional and personal life.

10. Plaintiffs allege unauthorized dissemination and exploitation of confidential information.

11. Plaintiffs further allege manipulation, alteration, omission, suppression, or tampering with documents and electronic records material to their legal rights.

12. Plaintiffs allege unauthorized surveillance, tracking, monitoring, and/or acquisition of private information.

13. Plaintiffs allege that highly private information was deliberately weaponized to cause humiliation,

intimidation, social isolation, psychological trauma, reputational destruction, and economic harm.

14. Plaintiffs allege that these events were not merely isolated disputes involving unrelated people.

15. Plaintiffs contend that the evidence demonstrates or will further demonstrate relationships, communications, information sharing, coordinated actions, financial transactions, and other connections among persons involved at different stages.

16. Plaintiffs characterize this alleged continuing structure and course of conduct as an association-in-fact enterprise for purposes of their civil RICO claims.

17. Plaintiffs allege that portions of the conduct involved state actors and persons acting jointly with

state actors.

18. Plaintiffs therefore separately bring constitutional claims under 42 U.S.C. § 1983 against those

Defendants for whom the evidence establishes legally sufficient action under color of state law.

19. Plaintiffs do not allege that every Defendant automatically qualifies as a state actor.

20. Instead, Plaintiffs allege direct state action against governmental actors and joint action, conspiracy, or other legally attributable state conduct against private Defendants where supported by the evidence.

21. Plaintiffs seek preservation and discovery of the objective evidence necessary to identify every

participant and determine each participant's individual responsibility.

**II. PLAINTIFFS**

A. Dineen Cherylann Etienne

22. Plaintiff Dineen Cherylann Etienne is an adult resident of North Carolina.

23. Dineen was formerly identified in certain Washington court proceedings as Dineen Smith.

24. Dineen has worked in welding, welding instruction, skilled trades, construction, and related

professional activities.

25. Dineen alleges substantial economic injury arising from interference with her employment, union

opportunities, business opportunities, governmental contracts, professional reputation, and other economic interests.

B. Daequan Mykal Samuels

26. Plaintiff Daequan Mykal Samuels is Dineen's adult son.

27. Daequan was involved with Dineen in the Clover Park proceedings.

28. Daequan has suffered a traumatic brain injury.

29. Plaintiffs allege that the traumatic brain injury substantially impairs Daequan's ability to independently manage complex legal and governmental matters.

30. Dineen has consequently assisted Daequan in communicating, maintaining records, seeking governmental assistance, protecting his rights, and understanding complicated matters.

31. Dineen describes herself as Daequan's voice.

32. Plaintiffs request protection under Federal Rule of Civil Procedure 17(c).

33. Dineen requests recognition as Daequan's next kin to the extent permitted by law.

34. Alternatively, Plaintiffs request appointment of a guardian ad litem or other appropriate representative.

35. Plaintiffs further request a reasonable opportunity to obtain counsel for Daequan if the Court determines licensed representation is required.

**III. DEFENDANTS**

36. Defendant Miller-Motte College operates an educational institution in Fayetteville, North Carolina

and employed Dineen as a welding instructor.

37. Defendant Ancora Education is associated with and/or operates Miller-Motte College.

38. Defendant North Carolina Department of Public Safety is a governmental agency of the State of

North Carolina.

39. Dineen alleges that conduct involving a business or contractual relationship with North Carolina

public-safety authorities forms part of the North Carolina component of the continuing interference alleged herein.

40. Defendant United States Equal Employment Opportunity Commission is a federal agency.

41. Dineen pursued EEOC Complaint No. 433-2026-03390 concerning alleged employment discrimination and retaliation involving Miller-Motte College.

42. Dineen alleges material irregularities concerning information maintained in connection with that

complaint.

43. Defendant David H. Black Jr. is an attorney whom Plaintiffs allege participated in and/or facilitated portions of the continuing conduct affecting them.

44. Defendant Thaddeus P. Martin IV is an attorney identified in records concerning Pierce County

Superior Court Case No. 12-2-13486-9.

45. Defendant Susan K. Serko served as a Washington State judicial officer and appears in records

concerning multiple proceedings material to Plaintiffs' allegations.

46. Defendant Proliance Surgeons, Inc. possessed and/or maintained medical information material to

Dineen's allegations.

47. Puget Sound Orthopaedics and Alan Thomas were defendants in Pierce County Superior Court

Case No. 13-2-06286-6 and are identified because of their alleged connection with the disputed medical information and underlying events.

48. Plaintiffs presently do not know the identities of every governmental official allegedly involved.

49. Plaintiffs therefore designate such individuals as John and Jane Doe Governmental Defendants

1-20.

50. Plaintiffs likewise do not know the identities of every private participant.

51. Plaintiffs designate such persons as John and Jane Doe Private Defendants 1-50.

52. Plaintiffs request leave to amend the Complaint when discovery establishes the identities and roles

of additional participants.

**IV. JURISDICTION**

53. This Court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331.

54. Plaintiffs invoke 42 U.S.C. § 1983 against Defendants for whom action under color of state law is

legally established.

55. Plaintiffs invoke the Racketeer Influenced and Corrupt Organizations Act, including 18 U.S.C. §§ 1962(c), 1962(d), and 1964(c).

56. Dineen separately invokes applicable federal employment-discrimination and retaliation laws against the appropriate employer Defendants, subject to administrative exhaustion requirements.

57. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over related state-law claims arising from the same alleged course of conduct, subject to applicable immunity and jurisdictional limitations.

58. Plaintiffs recognize that sovereign immunity and Eleventh Amendment immunity may limit particular causes of action against governmental Defendants.

59. Plaintiffs do not intend to assert a cause of action for which Congress has not authorized suit against a federal agency.

60. Specifically, Dineen preserves her factual allegations concerning the EEOC and seeks preservation and appropriate lawful relief, but recognizes that claims seeking damages merely because of the EEOC's processing or investigation of a third-party employment charge may be barred by federal sovereign immunity.

**V. VENUE AND NORTH CAROLINA CONNECTION**

61. A substantial portion of the more recent events alleged by Dineen occurred in Fayetteville, North Carolina.

62. Dineen worked for Miller-Motte College in Fayetteville.

63. Dineen alleges interference involving North Carolina business activities and a relationship involving the North Carolina Department of Public Safety.

64. Dineen alleges that conduct originating outside North Carolina was intentionally directed toward

her after she came to North Carolina.

65. Dineen alleges that the continuing conduct entered her employment, business affairs, governmental complaints, communications, and residence in Fayetteville.

66. Plaintiffs therefore allege substantial injuries within the Eastern District of North Carolina.

## VI. RELEVANT PREVIOUS PROCEEDINGS

67. The historical proceedings relevant to Plaintiffs' allegations include:

a. Pierce County Superior Court Case No. 12-2-13486-9;

b. Pierce County Superior Court Case No. 13-2-06286-6;

c. Case No. 08-2-02746-2; and

d. Federal Case No. 1:22-cv-02509-ABJ.

68. Plaintiffs request examination of connections among records, individuals, communications, medical information, financial transactions, and subsequent events associated with these proceedings.

69. Plaintiffs do not ask this Court to function as an appellate court reviewing a Washington state-court judgment.

70. Rather, the historical cases are identified because Plaintiffs allege subsequent independent conduct

and injuries arose from or were connected to information and persons involved in those matters.

## VII. CASE NO. 12-2-13486-9 - CLOVER PARK

71. Pierce County Superior Court Case No. 12-2-13486-9 involved Dineen Smith and Daequan Smith/Samuels and matters involving Clover Park.

72. The docket identifies Susan K. Serko.

73. The docket identifies Thaddeus Phillip Martin IV as attorney for the plaintiffs.

74. Dineen maintains that she hired Martin in connection with the Clover Park Technical College matter.

75. Dineen maintains that she did not hire an attorney to represent her and Daequan concerning separate Clover Park High School matters in the manner subsequently reflected.

76. Dineen alleges that Martin recused or sought to remove himself multiple times and did not provide

a replacement attorney authorized by her.

77. Dineen disputes the circumstances through which David H. Black Jr. subsequently became involved.

78. The docket contains a January 24, 2014 filing entitled Notice of Settlement of All Claims.

79. The docket contains a January 29, 2014 Stipulated Judgment.

80. Subsequent proceedings concerned disbursement of funds.

81. Motions to vacate were filed in January 2026.

82. Plaintiffs dispute the legitimacy, authorization, signatures, settlement activity, and/or distribution

of funds associated with material portions of the proceeding.

83. Plaintiffs seek a complete accounting.

84. Plaintiffs request production of:

a. every representation agreement;

b. every settlement agreement;

c. every authorization;

d. every document bearing Dineen's purported signature;

e. every document bearing Daequan's purported signature;

f. original signature-bearing documents;

g. settlement amounts;

h. court-registry records;

i. trust-account records;

j. IOLTA records;

k. escrow records;

l. canceled checks;

m. wire transfers;

n. ACH transactions;

o. correspondence;

p. accounting records; and

q. records identifying every recipient of settlement or judgment proceeds.

85. Plaintiffs allege that unauthorized diversion, concealment, withholding, or transfer of money belonging to either Plaintiff would constitute direct property injury.

## VIII. FALSE HIV/AIDS MEDICAL INFORMATION

86. One of the central events concerns medical documentation indicating that Dineen had HIV/AIDS.

87. Dineen maintains that this information was false.

88. Dineen alleges that medical testing established that she did not have HIV/AIDS.

89. Dineen brought litigation concerning the medical-record issue.

90. Pierce County Superior Court Case No. 13-2-06286-6 was captioned Dineen Smith v. Proliance Surgeons, Puget Sound Orthopaedics, and Alan Thomas.

91. Susan K. Serko was identified as the assigned judge.

92. Sealed personal health-care records were filed on or about March 14, 2013.

93. The action was dismissed without prejudice on or about May 23, 2013.

94. Dineen alleges that the false HIV/AIDS information subsequently became known to persons with no legitimate medical reason to possess it.

95. Dineen alleges that confidential and false medical information was disseminated or made available to persons associated with employment and union activities.

96. Dineen alleges that she never authorized such disclosure.

97. Dineen alleges that the stigma associated with false HIV/AIDS information was deliberately exploited to damage her reputation and relationships.

98. Dineen alleges that this resulted in economic, professional, reputational, privacy, and emotional injury.

**IX. MASS DISSEMINATION OF PRIVATE AND INTIMATE INFORMATION**

99. Dineen alleges that the conduct expanded beyond a single medical entry.

100. She alleges dissemination, exposure, threatened dissemination, or exploitation of highly private,

sensitive, intimate, identifying, family-related, medical, location-related, and other personal information.

101. Dineen alleges that such information was used to trigger humiliation, social exclusion, reputational destruction, and fear.

102. Plaintiffs allege that the dissemination or threatened dissemination of intimate information was

designed to destroy their sense of privacy and personal security.

103. Plaintiffs allege unauthorized viewing, recording, acquisition, transmission, exploitation, or threatened exposure of intimate bodily information, images, nudity, or other intensely private material to the extent established through forensic evidence.

104. Plaintiffs request discovery identifying whether such material existed, who created or obtained it,

who accessed it, who transmitted it, and every recipient.

105. Plaintiffs seek records from any relevant website, platform, storage service, account, device, or

server through which such information passed.

X. LOCATION INFORMATION, FAMILY INFORMATION, AND HABITS

106. Plaintiffs allege that personal information concerning location, family relationships, routines,

habits, employment, communications, and movements was obtained and/or used against them.

107. Plaintiffs allege that the repeated appearance of persons or events corresponding with private

activities created a persistent fear that their movements and communications were being monitored.

108. Plaintiffs allege that this resulted in severe fear, panic, anxiety, and hypervigilance.

109. Plaintiffs do not ask the Court to presume the technological means through which any surveillance occurred.

110. Plaintiffs instead request forensic evidence establishing or disproving unauthorized access, interception, tracking, monitoring, account access, device access, or location surveillance.

## XI. ELECTRONIC AND DIGITAL SURVEILLANCE

111. Plaintiffs allege unauthorized electronic and digital surveillance.

112. Plaintiffs request preservation of:

a. login histories;

b. IP records;

c. device histories;

d. geolocation information;

e. account-recovery records;

f. cloud records;

g. cellular records;

h. telecommunications records;

i. application-access records;

j. security alerts;

k. metadata;

l. governmental database access logs; and

m. records identifying devices accessing Plaintiffs' accounts.

113. Plaintiffs seek forensic examination to objectively establish who accessed information, when,
through what device or account, and whether information was transmitted to third parties.

**XII. ALLEGED CONDUCT INVOLVING SUSAN K. SERKO**

114. Plaintiffs allege that Serko's connection with both Washington proceedings is material to determining how information from separate proceedings was handled and whether it was subsequently misused.

115. Dineen alleges that false HIV/AIDS information was subsequently used or disseminated in ways
that caused profound humiliation and harm.

116. Dineen alleges that information from separate cases was improperly connected or used against
her.

117. Plaintiffs request evidence determining whether information was transferred between matters, by
whom, for what purpose, and under what authority.

118. Plaintiffs recognize that judicial officers generally have substantial immunity for judicial acts.

119. Plaintiffs therefore seek damages against Serko only for conduct, if any, for which applicable
federal law permits liability and do not seek damages for conduct protected by absolute judicial immunity.

**XIII. THADDEUS P. MARTIN IV**

120. Plaintiffs allege that Martin possessed or controlled information concerning representation

and

settlement activities associated with Case No. 12-2-13486-9.

121. Plaintiffs dispute material aspects of the representation and settlement.

122. Plaintiffs seek communications between Martin, Black, governmental actors, and other

persons

concerning Dineen, Daequan, representation, settlement, confidential information, and money.

123. Plaintiffs recognize that a private attorney is not automatically a state actor.

124. Plaintiffs assert §1983 liability against Martin only to the extent evidence establishes legally sufficient joint participation with governmental actors.

**XIV. DAVID H. BLACK JR.**

125. Plaintiffs specifically allege continuing misconduct involving David H. Black Jr.

126. Plaintiffs allege that Black participated directly or indirectly in harassment, retaliation, interference, intimidation, and surveillance affecting Dineen and Daequan.

127. Plaintiffs allege that the conduct extended across state lines.

128. Plaintiffs allege that Black acted individually and/or in coordination with other persons.

129. Plaintiffs allege that other individuals were recruited, directed, encouraged, retained, paid,

or

otherwise involved in portions of the conduct.

130. Plaintiffs seek communications, financial records, payments, travel records, electronic

records,

and other evidence sufficient to objectively prove or disprove such coordination.

131. Plaintiffs recognize that Black is not automatically a state actor merely because he is an attorney.

132. Plaintiffs nevertheless allege that evidence establishes or will further establish joint participation

with governmental actors in portions of the alleged conduct.

## XV. NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY

133. Dineen alleges that the continuing activity eventually affected a business or contractual relationship involving the North Carolina Department of Public Safety. 1:22-cv-02509-ABJ contact number C10945 (Job Order Number 3651-1-136).

134. Dineen alleges that the matter initially involved contractual violations.

135. Dineen alleges that subsequent conduct developed into broader interference with her business and

professional activities.

136. Dineen alleges that the North Carolina events were connected to persons and conduct originating

outside North Carolina.

137. Dineen alleges resulting economic losses.

138. Plaintiffs request production of communications, contract records, emails, internal records, access histories, payment information, and communications with outside persons concerning Dineen or her business.

139. Plaintiffs allege constitutional liability against individual state actors where their personal conduct satisfies the requirements of 42 U.S.C. § 1983.

140. Plaintiffs recognize that sovereign and Eleventh Amendment immunity may limit damages

claims directly against the Department itself.

141. Plaintiffs preserve all forms of prospective, individual-capacity, contractual, statutory, and other

relief that are legally available based upon the evidence.

XVI. FAYETTEVILLE, NORTH CAROLINA AND RESIDENTIAL INTERFERENCE

142. Dineen alleges that the continuing activity reached Fayetteville, North Carolina.

143. Dineen alleges that she experienced intimidation and interference while living at Reserve at Carrington Place.

144. Dineen alleges that the activity caused her to feel unsafe even within her own home.

145. Dineen alleges that persons associated with North Carolina became involved in conduct affecting

her.

146. Dineen requests discovery identifying communications between Washington persons and North

Carolina persons concerning her and Daequan.

**XVII. MILLER-MOTTE COLLEGE AND ANCORA EDUCATION**

147. Dineen became employed as a welding instructor at Miller-Motte College in Fayetteville.

148. Dineen alleges that she experienced discrimination and retaliation.

149. Dineen alleges exclusion from meetings and workplace activities.

150. Dineen alleges changes in assignments and working conditions.

151. Dineen alleges interference involving payroll, access, and professional opportunities.

152. Dineen alleges gender-related comments and disparate treatment.

153. Dineen alleges that statements were solicited from students concerning her.

154. Dineen alleges disputes concerning welding testing and qualifications were used against her.

155. Dineen alleges that the retaliation intensified after protected complaints.

156. Dineen alleges that students and employees were encouraged or influenced to participate in conduct against her.

157. Dineen alleges that events continued through July and August 2026.

158. Dineen alleges lost income, professional opportunities, reputation, and emotional well-being.

159. Dineen separately asserts applicable employment-discrimination and retaliation claims against

the proper employer Defendants.

**XVIII. EEOC COMPLAINT NO. 433-2026-03390**

160. Dineen pursued EEOC Complaint No. 433-2026-03390.

161. Dineen alleges that information appearing in the EEOC system subsequently differed materially

from information she submitted.

162. Dineen alleges information was altered, omitted, and/or redacted.

163. Dineen alleges that she possesses documentation permitting comparison of versions.

164. Dineen requests preservation and forensic comparison of:

a. the original submission;

b. every subsequent version;

c. revision histories;

d. metadata;

e. access logs;

f. system logs;

g. intake records;

h. correspondence;

i. attachments;

j. IP-access information where lawfully available;

k. modification records; and

l. identification of every person who accessed or changed the records.

165. Dineen does not ask the Court merely to presume that an EEOC employee committed misconduct

because documents appear different.

166. Dineen asks that objective electronic evidence determine whether alterations occurred, who made

them, when they were made, why they were made, and whether an unauthorized outside person influenced or caused any alteration.

167. Dineen alleges that interference with her EEOC complaint would be consistent with the broader

retaliatory pattern alleged herein.

168. Plaintiffs recognize that the EEOC is a federal agency and is not a state actor for purposes of

§1983.

169. Plaintiffs further recognize that federal sovereign immunity limits claims against the EEOC absent a valid statutory waiver.

170. Plaintiffs preserve the factual allegations concerning the EEOC, evidence-preservation requests,
and any form of relief for which jurisdiction and a waiver of sovereign immunity can be established.

**XIX. RETALIATION INVOLVING DAEQUAN**

171. Plaintiffs allege that Daequan experienced serious injuries and subsequent disability.

172. Daequan suffered a traumatic brain injury.

173. Plaintiffs request examination of circumstances surrounding his serious injuries, hospitalization,
coma, and subsequent events.

174. Plaintiffs further request examination concerning reports involving alleged human trafficking,
sexual assault, retaliation, and subsequent law-enforcement activity when Dineen was incarcerated, Case No. 08-2-02746-2.

175. Plaintiffs do not ask the Court to assume without evidence that every Defendant caused Daequan's injuries.

176. Plaintiffs seek communications and other records establishing whether persons associated with
conduct directed toward Dineen communicated with or participated in conduct affecting Daequan.

177. Plaintiffs allege that Daequan's vulnerability resulting from TBI made intimidation, manipulation, instability, and interference especially harmful. Plaintiffs further allege that the most recent accusation involves false reporting of criminal activity and that when Dineen files

complaints, Daequan is targeted. Plaintiffs seek objective evidence to establish or disprove this alleged connection.

**XX. USE OF ONE PLAINTIFF TO HARM THE OTHER**

178. Plaintiffs allege that persons involved understood the close relationship between Dineen and Daequan.

179. Plaintiffs allege that conduct directed against Daequan was at times intended to frighten, intimidate, punish, or silence Dineen.

180. Plaintiffs allege that attacks against Dineen's livelihood and ability to function also harmed Daequan because of his substantial reliance upon his mother for assistance.

181. Plaintiffs allege that their relationship was exploited as part of the continuing retaliatory activity.

**XXI. SEVERE MENTAL AND PHYSICAL ANGUISH**

182. Plaintiffs allege that the conduct continued for more than a decade.

183. Plaintiffs allege profound psychological and emotional suffering.

184. Dineen alleges anxiety, fear, humiliation, panic, emotional exhaustion, hypervigilance, social

isolation, reputational injury, loss of privacy, loss of security, and persistent fear for herself and her son.

185. Daequan alleges substantial emotional and psychological harm while living with the effects of

traumatic brain injury.

186. Plaintiffs allege that the cumulative nature of the alleged activity substantially increased the severity of their suffering.

187. Plaintiffs allege that conduct involving medical privacy, intimate privacy, employment, business,

court proceedings, governmental complaints, communications, housing, and family relationships created a sense that the interference was persistent and difficult to escape.

188. Plaintiffs allege physical manifestations of prolonged stress and emotional trauma to the extent

established through competent evidence.

XXII. ALLEGED CRUEL, INHUMAN, AND DEGRADING TREATMENT

189. Plaintiffs characterize the cumulative intentional conduct described herein as cruel, inhuman, and

degrading treatment.

190. Plaintiffs further allege that the conduct amounted to torture in the ordinary and factual sense

because Plaintiffs contend it was deliberately intended to cause prolonged and severe mental suffering for purposes including intimidation, coercion, punishment, retaliation, humiliation, and persecution.

191. Plaintiffs recognize that any particular federal statutory definition of torture contains specific

additional elements.

192. Plaintiffs therefore request application of any statutory torture theory only where the evidence

satisfies every required statutory element.

193. Plaintiffs separately maintain their constitutional, privacy, civil-rights, tort, and damages claims

regardless of whether the conduct satisfies a statutory definition of torture.

## XXIII. ALLEGED STATE INVOLVEMENT AND JOINT ACTION

194. Plaintiffs allege that governmental officials participated in, facilitated, encouraged, knowingly

permitted, or acted jointly with private persons in portions of the conduct described herein.

195. Plaintiffs allege that governmental actors possessed actual governmental authority.

196. Plaintiffs allege that private participants became state actors for §1983 purposes only where the

evidence establishes legally sufficient joint action or other conduct attributable to the State.

197. Plaintiffs seek communications between governmental officials and private participants.

198. Plaintiffs seek evidence establishing what governmental officials knew, what authority they possessed, what actions they took, and whether they affirmatively coordinated with private participants.

## XXIV. FOUR-PART §1983 FRAMEWORK

199. Plaintiffs assert §1983 liability against each appropriate Defendant based upon four required factual connections.

### FIRST - CONSTITUTIONAL RIGHT

200. Plaintiffs will identify the specific constitutional right allegedly violated by the particular Defendant.

### SECOND - STATE ACTION

201. Plaintiffs will establish that the Defendant was a state actor or that the particular conduct was

otherwise legally attributable to the State.

**THIRD - DAMAGE**

202. Plaintiffs will establish the particular injury suffered by Dineen and/or Daequan.

**FOURTH - CAUSATION**

203. Plaintiffs will establish that the particular constitutional violation caused the identified injury.

204. Plaintiffs do not rely merely upon association, employment, professional status, or acquaintance

with another Defendant.

205. Plaintiffs seek individual liability based upon each Defendant's own legally actionable conduct.

**XXV. FIRST AMENDMENT RETALIATION - 42 U.S.C. § 1983**

206. Plaintiffs incorporate all preceding paragraphs.

207. Dineen repeatedly reported alleged discrimination, corruption, false medical information, disputed settlement activity, retaliation, and governmental misconduct.

208. Dineen pursued court proceedings, administrative complaints, EEOC proceedings, and communications requesting governmental redress.

209. Plaintiffs allege that state actors became aware of these activities.

210. Plaintiffs allege that one or more state actors subsequently took materially adverse action because

of Dineen's protected speech or petitioning activity.

211. Plaintiffs allege that such actions caused economic, professional, privacy, reputational, and emotional injuries.

**XXVI. FOURTEENTH AMENDMENT - EQUAL PROTECTION**

212. Plaintiffs incorporate all preceding paragraphs.

213. Plaintiffs allege intentional denial of equal protection by governmental actors where established

by the evidence.

214. Plaintiffs allege that similarly situated persons were treated differently where supported by evidence.

215. Plaintiffs allege resulting identifiable injuries.

**XXVII. FOURTEENTH AMENDMENT - DUE PROCESS**

216. Plaintiffs incorporate all preceding paragraphs.

217. Plaintiffs allege deprivation of protected liberty and/or property interests without constitutionally

adequate process where established by evidence.

218. Plaintiffs allege that disputed settlement proceeds, governmental activity, and other property interests described herein require examination under this constitutional protection.

**XXVIII. FOURTH AMENDMENT**

219. Plaintiffs incorporate all preceding paragraphs.

220. Plaintiffs allege unauthorized surveillance, acquisition of information, tracking, monitoring, or

electronic intrusion.

221. Plaintiffs seek forensic evidence determining whether state actors participated in searches,

seizures, tracking, electronic acquisition, or surveillance implicating the Fourth Amendment.

222. Plaintiffs assert a Fourth Amendment violation only where the evidence establishes governmental conduct meeting the constitutional requirements.

**XXIX. THE RICO ENTERPRISE**

223. Plaintiffs incorporate all preceding allegations.

224. Plaintiffs allege an association-in-fact enterprise within the meaning of 18 U.S.C. § 1961(4).

225. Plaintiffs allege relationships among participants.

226. Plaintiffs allege sufficient longevity to pursue continuing purposes.

227. Plaintiffs allege recurring methods and objectives.

228. Plaintiffs allege interstate activity involving Washington and North Carolina and other interstate communications or transactions.

229. Plaintiffs allege that portions of the enterprise's activities were directed toward suppressing their attempts to obtain redress, interfering with economic and property interests, exploiting confidential information, retaliating against protected activities, and concealing prior misconduct.

230. Plaintiffs allege that David H. Black Jr. participated in and/or facilitated portions of the enterprise, including alleged conduct following Dineen from state to state, creating chaos, and alleged acts connected to an attempted murder in Grove City/Marysville/Columbus, Ohio. Plaintiffs further allege coordination with law enforcement to conceal alleged corruption. These allegations are asserted as claims requiring objective proof.

231. Plaintiffs allege that records involving Martin, Serko, Proliance, and other persons are material to

establishing the origin, movement, and use of information involved in the alleged enterprise. Plaintiffs allege that Judge Susan K. Serko presided over Case Nos. 13-2-06286-6 and 12-2-13486-9 and that information from those proceedings was later used to terrorize and interfere with Dineen's relationships, family, friendships, and job opportunities. Plaintiffs allege use of information relating to

Dineen's incarceration and alleged human trafficking and sexual assault to fabricate information against Dineen and Daequan. Plaintiffs additionally allege that persons affiliated with fraternities, sororities, Freemasonry, and governmental or law-enforcement institutions participated in or protected portions of the alleged conduct. Plaintiffs do not ask the Court to infer participation from membership or affiliation alone and seek objective evidence identifying specific persons, communications, acts, and agreements.

232. Plaintiffs allege that subsequent participants received, used, acted upon, or transmitted information originating from earlier events.

**XXX. PATTERN AND CONTINUITY**

233. Plaintiffs allege a pattern of racketeering activity.

234. Plaintiffs allege that the relevant conduct was not confined to one transaction.

235. Plaintiffs allege recurring participants, methods, objectives, and injuries.

236. Plaintiffs allege that the activity continued over a substantial period.

237. Plaintiffs allege related acts involving interstate communications, money, records, economic relationships, and alleged efforts to conceal or frustrate accountability.

**XXXI. RICO PREDICATE ACTS**

238. Plaintiffs allege qualifying predicate acts only to the extent the evidence satisfies the statutory

requirements of 18 U.S.C. § 1961(1).

239. Plaintiffs allege use of interstate mail and electronic communications in furtherance of fraudulent

schemes where the evidence establishes the elements of mail fraud or wire fraud.

240. Plaintiffs allege that interstate communications concerned settlement activity, medical information, employment, business relationships, governmental complaints, and other matters.

241. Plaintiffs allege obstruction-related predicate activity only where the particular proceeding and

conduct satisfy a predicate offense enumerated by RICO.

242. Plaintiffs allege that discovery will provide additional dates, senders, recipients, communications,

financial transactions, and electronic records.

243. Plaintiffs intend to supplement the Complaint with a RICO Predicate Act Statement or chart identifying each predicate with particularity where required.

XXXII. COUNT I - 18 U.S.C. § 1962(c)

244. Plaintiffs incorporate Paragraphs 1 through 243.

245. Plaintiffs allege an enterprise affecting interstate commerce.

246. Plaintiffs allege that RICO persons knowingly conducted or participated, directly or indirectly, in

the enterprise's affairs.

247. Plaintiffs allege participation through a pattern of racketeering activity.

248. Plaintiffs allege direct business and property injury caused by the RICO violations.

249. Plaintiffs seek relief under 18 U.S.C. § 1964(c).

XXXIII. COUNT II - RICO CONSPIRACY, 18 U.S.C. § 1962(d)

250. Plaintiffs incorporate all preceding allegations.

251. Plaintiffs allege that two or more responsible participants agreed that members of the enterprise would conduct its affairs through a pattern of racketeering activity.

252. Plaintiffs allege that the agreement may be established through communications, coordinated actions, financial relationships, information transfers, and other direct and circumstantial evidence.

253. Plaintiffs allege resulting injury to business and property.

**XXXIV. RICO BUSINESS AND PROPERTY INJURY**

254. Dineen alleges lost wages.

255. Dineen alleges lost employment opportunities.

256. Dineen alleges lost union opportunities.

257. Dineen alleges interference with business relationships.

258. Dineen alleges interference with contracts.

259. Dineen alleges economic losses arising from interference with North Carolina business activities.

260. Dineen alleges loss of professional opportunities caused by false or confidential information.

261. Plaintiffs allege potential loss, withholding, diversion, conversion, or concealment of settlement

or judgment proceeds associated with Case No. 12-2-13486-9.

262. Daequan separately alleges injury to any money or property interest belonging to him that was

unlawfully diverted, concealed, withheld, or interfered with.

263. Plaintiffs do not rely solely upon personal injury or emotional distress as their RICO business-or-property injury.

## XXXV. EMPLOYMENT DISCRIMINATION AND RETALIATION

264. Dineen incorporates all relevant preceding allegations.

265. Dineen engaged in protected activity by opposing what she believed constituted unlawful discrimination and by pursuing EEOC remedies.

266. Dineen alleges that Miller-Motte and/or Ancora knew of protected activity.

267. Dineen alleges subsequent materially adverse employment treatment.

268. Dineen alleges a causal connection between protected activity and at least some subsequent adverse treatment.

269. Dineen seeks all remedies available under applicable employment-discrimination law following

satisfaction of applicable exhaustion requirements.

## XXXVI. PRIVACY AND RELATED STATE-LAW CLAIMS

270. Plaintiffs incorporate the preceding allegations.

271. Plaintiffs allege intentional invasions of privacy where recognized by applicable state law.

272. Plaintiffs allege intentional interference with contractual or prospective economic relationships where supported by evidence.

273. Plaintiffs allege defamation only as to specific false statements for which the elements can be established.

274. Plaintiffs allege intentional infliction of emotional distress and civil conspiracy to the extent recognized by governing law and supported by the evidence.

275. Plaintiffs recognize that limitations periods, governmental immunity, choice-of-law principles, and other defenses must be determined for each claim.

## XXXVII. DOCUMENT ALTERATION AND EVIDENCE PRESERVATION

276. Plaintiffs allege that documents material to their rights have appeared altered, omitted, modified, or materially different from versions they submitted or previously possessed.

277. Plaintiffs therefore request preservation of native electronic records.

278. Plaintiffs request preservation of:

a. metadata;

b. creation and modification dates;

c. revision histories;

d. access logs;

e. login information;

f. server records;

g. emails;

h. attachments;

i. medical audit logs;

j. EEOC electronic records;

k. court and attorney records;

l. financial records;

m. employment communications;

n. telecommunications records;

o. cloud records;

p. photographs and video;

q. geolocation information;

r. governmental database records;

s. trust-account records;

t. settlement records;

u. communications concerning Dineen;

v. communications concerning Daequan; and

w. communications concerning both Plaintiffs.

**XXXVIII. DAMAGES**

279. Dineen alleges lost wages and employment opportunities.

280. Dineen alleges lost business and contractual opportunities.

281. Plaintiffs allege economic and property losses.

282. Plaintiffs allege reputational injury.

283. Plaintiffs allege invasion of privacy.

284. Plaintiffs allege humiliation.

285. Plaintiffs allege severe emotional distress and psychological anguish.

286. Plaintiffs allege fear, panic, anxiety, and hypervigilance.

287. Plaintiffs allege emotional exhaustion.

288. Plaintiffs allege disruption of family and personal relationships.

289. Plaintiffs allege expenses incurred investigating, correcting, and responding to disputed information and alleged interference.

290. Plaintiffs allege physical manifestations of prolonged stress where supported by competent evidence.

291. Plaintiffs seek damages individually according to the injuries each Plaintiff can establish.

XXXIX. RULE 17(c) PROTECTION FOR DAEQUAN

292. Plaintiffs incorporate all preceding allegations.

293. Daequan's traumatic brain injury materially affects his ability to protect his interests in complex

litigation.

294. Dineen is Daequan's mother and has consistently assisted him.

295. Dineen requests recognition as proposed Next Friend under Rule 17(c).

296. Alternatively, Plaintiffs request appointment of a guardian ad litem or other appropriate representative.

297. If licensed counsel is required for Daequan's claims, Plaintiffs request reasonable opportunity to

obtain appropriate counsel before dismissal of his claims.

298. Plaintiffs request permission to submit sensitive medical documentation concerning

Daequan

through appropriate confidentiality or sealing procedures rather than unnecessarily placing private medical information in the public record.

**XL. PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court:

A. Enter judgment on all causes of action established by admissible evidence;

B. Enter judgment against appropriate Defendants under 42 U.S.C. § 1983;

C. Enter judgment against persons proven liable under 18 U.S.C. § 1962(c);

D. Enter judgment against persons proven liable under 18 U.S.C. § 1962(d);

E. Award recoverable RICO business and property damages;

F. Treble qualifying RICO damages pursuant to 18 U.S.C. § 1964(c);

G. Award compensatory damages for constitutional violations;

H. Award compensatory damages under applicable employment-discrimination laws;

I. Award damages for lost wages, employment opportunities, business opportunities, contracts, and other proven economic losses;

J. Award damages for invasion of privacy, severe emotional distress, humiliation, reputational injury,

and physical injury where legally recoverable;

K. Award punitive damages against individual Defendants where legally available and supported by

the evidence;

L. Enter appropriate declaratory relief;

M. Enter appropriate prospective injunctive relief;

N. Order preservation of relevant electronically stored information;

O. Permit forensic discovery of metadata, access histories, audit logs, electronic communications, and other relevant records;

P. Order an accounting, where legally available, of all money associated with Case No. 12-2-13486-9;

Q. Permit discovery concerning every person receiving or controlling settlement or judgment proceeds;

R. Permit discovery identifying John and Jane Doe Defendants;

S. Permit amendment of the Complaint following identification of Doe Defendants;

T. Recognize Dineen as Daequan's Next Friend if legally appropriate;

U. Alternatively appoint an appropriate guardian ad litem or other representative for Daequan;

V. Protect Daequan's confidential medical information through appropriate procedures;

W. Award costs and any attorney's fees authorized by applicable statutes;

X. Award pre-judgment and post-judgment interest;

Y. Prohibit unlawful retaliation against Plaintiffs for exercising federally protected rights;

Z. Enter appropriate prospective orders prohibiting unlawful dissemination of Plaintiffs' confidential medical, intimate, identifying, or location information;

AA. Order return, deletion, protection, or other appropriate treatment of unlawfully possessed confidential material where legally authorized;

BB. Preserve Plaintiffs' right to amend claims as evidence is obtained through discovery; and

CC. Grant such other and further relief as the Court determines just and lawful.

**XLI. JURY DEMAND**

Plaintiffs demand trial by jury on every issue triable by jury.

**XLII. DECLARATION**

Plaintiffs request that this Complaint be treated as verified to the extent properly executed under

28

**U.S.C. § 1746.**

I, Dineen Cherylann Etienne, declare under penalty of perjury that the factual statements in this Complaint that are based upon my personal knowledge are true and correct, and that allegations concerning matters not personally known to me are stated based upon the information and evidence presently available to me and my good-faith contentions.

Executed on: 9/29/2026

**DINEEN CHERYLANN ETIENNE**

Individually and as proposed Next Friend for Daequan Mykal Samuels

Signature: [signature]

Address: 3905 Foston Drive City/State/ZIP: Fayetteville NC 28311

Telephone: 253 436 -4667 Email:

dineen8 @ outlook.com

**DAEQUAN MYKAL SAMUELS**

Plaintiff, subject to determination of appropriate representation under Federal Rule of Civil Procedure 17(c)

POA

Signature, if capable: [signature]

Date: POA 9/29/2026